UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WESTERN SURETY COMPANY,                    Case No. 1:19-cv-1058 (GTS/ATB)

                    Plaintiff,

                                                                            COMPLAINT

   - against -

ALBERT HESSBERG, III,

                    Defendant.
----------------------------------------------------------------------X

      Plaintiff Western Surety Company ("Western"), by its attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, for its complaint against defendant Albert Hessberg, III ("Hessberg"), alleges as follows:

The Nature of this Action

      1.    This is an action by a surety, plaintiff Western, against its principal and indemnitor, defendant Hessberg, to enforce its rights under a written indemnity agreement and at common law to recover indemnity and for specific performance to compel Hessberg to deposit funds with Western in the amount of $650,000.

The Parties

      2.    Western is a corporation organized and existing under the laws of South Dakota and maintains its principal place of business in Chicago, Illinois.

      3.    At all relevant times, Western was duly authorized by the New York State Department of Financial Services to transact the business of insurance and to issue surety bonds in New York.

      4.    Hessberg is a resident of New York, residing in Slingerland, New York.

Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. ¶1332(a) as complete diversity of citizenship exists between Western and Hessberg and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. ¶1391(b)(1) as Hessberg resides in the State of New York and in this district.

Factual Allegations

7. By Order and Judgment Appointing Guardian of the Person and Property dated October 12, 2005 ("Order") issued by the Supreme Court of the State of New York, County of Albany, Index No. 1733-04, Hessberg was appointed Guardian of the Person and Property of Gertrude K. Peebles ("Gertrude").

8. Upon information and belief, at the time of his appointment, Hessberg was a practicing attorney licensed in New York and a member of a law firm with an office in Albany, New York.

9. The Order directed Hessberg, as Guardian, to file a surety bond in the amount of $1,000,000, conditioned on, *inter alia*, his faithful discharge of the trust imposed in the Order, his obeying all directions of the court and his making and rendering a true and just account of all monies and other properties received by him as Guardian.

10. In order to induce Western to issue the required surety bond, on November 4, 2005, Hessberg executed a form titled Application for Bond, which included a written indemnity in favor of Western (the "Indemnity Agreement").

11. In paragraph 2 of the Indemnity Agreement, Hessberg expressly agreed "[t]o completely INDEMNIFY [Western] from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which the Company shall at any time sustain as surety or by reason by having been surety on this bond or any other bond issued for applicant, or for the enforcement of this agreement, or in obtaining a release or evidence of termination under such bonds; regardless of whether such liability, loss, costs, damages, attorneys' fees and expenses are caused, or alleged to be caused, by the negligence of the Company."

12. In paragraph 4 of the Indemnity Agreement, Hessberg expressly agreed "[u]pon demand by [Western] for any reason whatsoever, to deposit current funds with the Company in an amount sufficient to satisfy any claim against the Company by reason of such suretyship."

13. On November 11, 2005, in reliance on the Indemnity Agreement, Western, as surety, issued its Bond of Guardian No. 70001833 on behalf of Hessberg, as principal, in the sum of $1,000,000, conditioned on Hessberg's faithful performance of his duties as Guardian of Gertrude ("Bond").

14. Upon information and belief, Hessberg filed annual accounts with the court as Guardian of Gertrude for years 2006 through 2012.

15. Upon information and belief, on or about September 1, 2012, Gertrude died.

16. By Decree Granting Probate dated December 21, 2012 issued by the Surrogate's Court of the State of New York, County of Albany, File No. 2012-1076,

Gertrude's Will was admitted to probate and letters testamentary were issued to two of Gertrude's adult children to handle Gertrude's Estate.

17. On May 2, 2018, Hessberg's former law firm advised Western that it was conducting an internal investigation into irregularities relating to Hessberg, that it had terminated Hessberg, that it appeared that monies had been taken from Gertrude, that it had shared its findings with federal authorities, and that there was a potential claim on the Bond.

18. On or about June 13, 2018, a criminal complaint was filed against Hessberg in the U.S. District Court for the Northern District of New York, Case No. 1:19-CR-155 (MAD), alleging that Hessberg had committed wire fraud and mail fraud in perpetrating a scheme to defraud his clients.

19. On or about May 8, 2019, Hessberg pled guilty to a criminal information in U.S. District Court, NDNY, charging wire fraud, mail fraud and filing a false tax return in violation of various federal laws.

20. In his plea agreement filed May 8, 2019, Hessberg admitted that he stole from as many as ten clients a total of $2,060,803 entrusted to him as fiduciary and trustee during the years 2006 through 2018.

21. Upon information and belief, one of the clients that Hessberg stole from was Gertrude.

22. By letter dated July 1, 2019, the United States Department of Justice ("DOJ") advised the attorney for Gertrude's Estate and the estate of her late husband,

Robert M. Peebles, that the DOJ had determined that Hessberg stole a total of $616,707.21 from Gertrude and her husband.

23. By letter dated August 2, 2019 to the attorney for Hessberg, Western forwarded the DOJ's letter and demanded, pursuant to paragraph 4 of the Indemnity Agreement, that Hessberg immediately deposit current funds in the amount of $650,000 with Western to cover any potential liability and expenses that Western may incur by reason of having issued the Bond.

24. Hessberg has failed to deposit with Western any portion of the $650,000 demanded.

25. To date, Hessberg has failed to file his final account as Guardian of Gertrude and there has been no proceeding commenced to determine the precise amount that Hessberg allegedly stole from Gertrude, but Western expects such a proceeding to be commenced shortly and that ultimately a surcharge will be entered against Hessberg.

26. Western is continuing to investigate this matter and the claim on the Bond.

AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of the Indemnity Agreement to Indemnify Western)

27. Western repeats and realleges the allegations contained in paragraphs "1" through "26" of this complaint with the same force and effect as if set forth at length herein.

28. Under the Indemnity Agreement, Hessberg agreed to fully indemnify Western from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which Western shall incur by reason of having issued the Bond.

29. To date, Western has incurred attorneys' fees and expenses under the Bond.

30. Western anticipates incurring liability and paying a loss under the Bond.

31. By reason of the foregoing and pursuant to the express terms of the Indemnity Agreement, Western is entitled to a judgment against Hessberg in an amount to be determined at trial, motion or inquest, plus interest from the date of any Western payment.

AS AND FOR A SECOND CLAIM FOR RELIEF
(Specific Performance to Deposit Funds Demanded by Western)

32. Western repeats and realleges the allegations contained in paragraphs "1" through "31" of this complaint with the same force and effect as if set forth at length herein.

33. Pursuant to paragraph 4 of the Indemnity Agreement, Western through its August 2, 2019 letter demanded that Hessberg deposit with Western current funds in the amount of $650,000 to cover potential liability and expenses that Western may incur under the Bond.

34. Western's demand for $650,000 is the minimum amount that Western deems sufficient to protect it from potential liability, loss, cost, attorneys' fees and expenses under the Bond based upon the amount set forth in the DOJ letter dated July 1, 2019 and anticipated attorneys' fees and expenses.

35. Western reserves the right to increase its demand for funds should events warrant.

36. In breach of his obligations under the Indemnity Agreement, Hessberg has failed and refused to deliver to Western any of the funds demanded by Western.

37. It is reasonable to anticipate that Hessberg will continue in his refusal and failure to deposit with Western the $650,000 to which Western is entitled to under the Indemnity Agreement for the purpose of protecting Western against potential liability, loss, cost, attorneys' fees and expenses under the Bond.

38. If Western is not granted specific performance of the provision of the Indemnity Agreement requiring Hessberg to deposit funds with Western to protect it from potential liability, loss, cost, attorneys' fees and expenses, then that contractual right in the Indemnity Agreement will be rendered moot and Western will be forced (a) to continue to bear the financial burden of potential liability, loss, cost, attorneys' fees and expenses due to Hessberg's defaults, and to invade its own assets to protect itself from same, and (b) to continue to spend its own funds on behalf of Hessberg.

39. Western lacks an adequate remedy at law.

40. By reason of the foregoing, Western is entitled to judgments specifically enforcing the contractual provision of the Indemnity Agreement requiring Hessberg to deposit with Western current funds in the amount of $650,000 to secure Hessberg's obligations to protect Western from potential liability, loss, cost, attorneys' fees and expenses under the Bond.

41. By reason of the foregoing, Western is entitled to judgment against Hessberg in the amount of $650,000, the proceeds of which are to be held by Western as

collateral to pay any liability, loss, cost, attorneys' fees and expenses in connection with claims under the Bond pursuant to the Indemnity Agreement.

WHEREFORE, plaintiff Western Surety Company respectfully demands judgment against defendant Albert Hessberg, III, as follows:

(1)  on its first claim for relief, in the amount to be determined at trial, on motion or at inquest for breach of Indemnity Agreement, plus interest from the date of each payment of liability, loss, cost, attorneys' fees or expenses;

(2)  on its second claim for relief, in the amount of $650,000, for specific performance of the contractual provision of the Indemnity Agreement requiring Hessberg to deposit funds with Western to secure Hessberg's obligations to Western and to protect Western from potential liability, loss, cost, attorneys' fees and expenses;

together with the costs and disbursements of this action and such other and further relief that the Court may deem just and appropriate.

Dated: Jericho, New York
       August 27, 2019

> TORRE, LENTZ, GAMELL, & GARY
> & RITTMASTER, LLP
> *Attorneys for Plaintiff Western Surety Company*
>
> By: /s/ Steven H. Rittmaster
> Steven H. Rittmaster, Esq.
> 100 Jericho Quadrangle, Suite 309
> Jericho, New York 11753
> (516) 240-8900